JOHNSON *et al.* v. NORDYKE *et al.*

Mortgage: RIGHTS OF SUBSEQUENT PURCHASER. A executes to B a mortgage on 542 acres of land. Subsequently, to secure a further indebtedness, he executes another mortgage covering all the lands included in the first mortgage and 330 acres additional, making the whole number 872 acres. A afterward conveys to C 222 acres of the land covered by both mortgages, the deed containing the following condition: " This conveyance and covenants are subject to two mortgages heretofore made upon this and other lands, and this land·is to pay in proportion as this number of acres bears to the whole number included in the mortgages." *Held*, that the lands in the hands of the grantee were burdened with precisely the same charges which were imposed upon it by the two mortgages, viz.: For the note secured by the first mortgage it was liable in the proportion of 222 to 542 ; and for the note secured by the second mortgage, in the proportion of 222 to 872.

*Appeal from Dallas Circuit Court.*

TUESDAY, OCTOBER 29.

FORECLOSURE OF MORTGAGE. The facts are stated in the opinion.

*Polk & Goode* for Nordyke, appellant.

*Barcroft & Hammond* for Nordyke's admr.

*Brown & Dudley* for the plaintiffs.

DAY, J. — On the 15th day of September, 1859, M. E. Nordyke made a note to Jeremiah Johnson for $2,888.80, payable three years after date, with interest at ten per cent.

On the 14th day of February, 1863, M. E. Nordyke, Ann Nordyke, his wife, and Bethuel M. Nordyke, his son, made their note to the said Jeremiah Johnson for $2,186.-10, payable seven years after date, with interest at seven per cent.

To secure the first note M. E. Nordyke and wife exe-

cuted a mortgage upon 542 acres of land; and to secure the second note they executed a mortgage upon all the lands included in the first mortgage and 330 acres additional, making the whole number of acres included in the second mortgage 872.

On the 8th day of August, 1865, M. E. Nordyke and his wife executed to their son, Bethuel Nordyke, a deed for 222 acres of the land covered by both mortgages.

The deed contains the following condition : " This conveyance and covenants are subject to two mortgages heretofore made to Jeremiah Johnson upon this and other lands, and this land is to pay in proportion as this number of acres bears to the whole number included in the mortgage, and that proportion Bethuel M. Nordyke is to pay." The plaintiff is now the owner of the notes by purchase from Jeremiah Johnson. Bethuel Nordyke is dead, and J. C. Jordan, his administrator, is defendant. The only question presented arises upon a construction of this condition in the deed to Bethuel Nordyke. The court below held that the estate of Bethuel Nordyke should pay the amounts of the two notes in the proportion that the whole number of acres purchased by him bears to the second and larger mortgage, to wit: in the proportion of 222 to 872. From this holding M. E. Nordyke appeals. We think the court erred in the mode of apportionment adopted. The intention of the grantor, in making the conveyance and covenants subject to two mortgages made before that time to Jeremiah Johnson, was, we think, to burden this land in the hands of his son with precisely the same charges which were imposed upon it by these two mortgages. For the note secured by the first mortgage, this land was liable in the proportion of 222 to 542. And for the note secured by the second mortgage, it was liable in the proportion of 222 to 872. We see no authority for throwing the amounts of these two notes together, and making the land conveyed to Bethuel Nordyke liable only in the

proportion that it bears to the larger mortgage. There would have been just as much warrant for making it liable in its proportion to the smaller mortgage.

Reversed.